[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15404
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20281-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OCTAVIOUS ANDREWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 6, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Octavious Andrews appeals his conviction for possession of a firearm

and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

**I.**

In 2013, Andrews was charged with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The government alleged that it had discovered two firearms and eight rounds of .22 caliber ammunition pursuant to a consent search of the residence leased by Andrews's girlfriend, Taryn Young, while Andrews was present there. Prior to trial, the government and Andrews jointly submitted the following proposed jury instruction, based on the Eleventh Circuit Pattern Jury Instruction, regarding the possession element of Andrews's offense:

> The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession, or joint possession.
> 'Actual possession' of a thing occurs if a person knowingly has direct physical control of it.
> 'Constructive possession' of a thing occurs if a person doesn't have actual possession of it, but has both the power and the intention to take control over it later . . . .
> Possession of a thing cannot be established, however, by a person's mere presence near that thing.

At trial, and before the jury was instructed, Andrews submitted the following additional proposed jury instruction:

> Possession may be actual or constructive. Constructive possession exists when a person exercises dominion or control over the contraband itself, or the premises in which the contraband is concealed.

2

> Dominion and control are not established by mere proximity to the contraband, mere presence on the property where it is located, or mere association with the person who controls the property. Furthermore, ambiguous and even suspicious circumstances cannot support a finding of possession unless those circumstances prove beyond a reasonable doubt that the defendant exercised dominion or control over the contraband.

The district court denied Andrews's request to include the additional instruction, noting that the existing constructive-possession instruction "accurately reflects the law," and instead provided the original instructions that Andrews and the government had submitted.

Following the instructions and during its deliberations, the jury submitted, *inter alia*, the following question to the court:

> Please provide clarification on the language under "constructive possession" on power and the intention to take control over it later. It feels like "intention" is a hypothetical. Is this true? Or should we be thinking about this in another way?

Following this question, Andrews requested that instructions be given to clarify that a defendant's mere presence or "mere knowledge" of the existence of a firearm on the property was not, by itself, sufficient to establish possession. Also, he requested that the court respond to the jury's question by providing the instruction from his earlier submission. Andrews stated that this instruction was based on this Court's conclusion in *United States v. Mieres-Borges*, 919 F.2d 652, 658 (11th Cir. 1990), that the proximity of a defendant's boat to drugs in issue was not, by itself, sufficient to establish constructive possession. The district court

3

denied Andrews's request to include the additional instruction, reasoning that the facts of *Mieres-Borges* were not analogous to Andrews's returning to his girlfriend's residence, where he sometimes visited or resided.[1]  The jury found Andrews guilty on this count, and the court sentenced him to 96 months' imprisonment.

On appeal, Andrews challenges the district court's refusal to give his proposed jury instruction that a defendant's "mere association" with a person controlling a firearm is insufficient to establish constructive possession under § 922(g)(1).  Andrews argues that the district court's given jury charge on possession, which included the Eleventh Circuit Pattern Jury Instruction and contained a "mere presence" instruction, was inadequate to substantially cover the substance of his proposed "mere association" instruction because the concepts of presence and association are distinct, and the jury's questions indicated that it needed additional guidance on the meaning of possession.

## II.

[1] The government requested that the court provide the jury with examples of constructive possession from the Eleventh Circuit criminal handbook and an instruction that the government need not prove a defendant's actual possession, both of which the court denied.  Instead, the district court responded to the jury's questions as follows:

> While I am not sure I fully understand your two questions, I refer you to the Court's instructions on page 10, while bearing in mind that you must consider all of the Court's instructions as a whole and may not single out or disregard any of the Court's instructions.  If you want to clarify your questions, I would be happy to answer them.

"We review a district court's refusal to submit a defendant's requested jury instruction for an abuse of discretion." *United States v. Dominguez*, 661 F.3d 1051, 1071 (11th Cir. 2011).  A district court's decision will not be disturbed if it falls within a range of possible conclusions that do not constitute a clear error of judgment.  *United States v. Lopez*, 649 F.3d 1222, 1236 (11th Cir. 2011) (citing *United States v. Frazier,* 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc)).  In determining whether the district court abused its discretion, we consider: "(1) whether the requested instruction is a substantially correct statement of the law; (2) whether the jury charge given addressed the requested instruction; and (3) whether the failure to give the requested instruction seriously impaired the defendant's ability to present an effective defense." *Dominguez*, 661 F.3d at 1071 (citation omitted).  Although a defendant is entitled to have instructions given relating to a theory of his defense if there is a supportive foundation in the evidence, a district court is afforded broad discretion in formulating its jury charge.  *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008) (per curiam).  A theory-of-defense charge is not warranted if "the charge given adequately covers the substance of the requested instruction." *United States v. Ndiaye*, 434 F.3d 1270, 1293 (11th Cir. 2006).

Section 922(g)(1) requires that a defendant have been in knowing possession of a firearm.  18 U.S.C. § 922(g)(1); *see United States v. Beckles*, 565 F.3d 832,

841 (11th Cir. 2009).  Possession may be either actual or constructive.  *United States v. Perez*, 661 F.3d 568, 576 (11th Cir. 2011) (per curiam).  The government demonstrates constructive possession if it can show that the defendant "was aware or knew of the firearm's presence" and "had the ability and intent to later exercise dominion and control over [the] firearm."  *Id*.  However, a defendant's "mere association" with a person actually possessing the firearm at issue is insufficient, by itself, to establish constructive possession under § 922(g).  *Id.*

We have held that it is not an abuse of discretion for a district court to give the Pattern Instruction on constructive firearm possession, even if the district court declines to include verbatim a specific instruction requested by a defendant in support of his defense theory.  *See United States v. Woodard*, 531 F.3d 1352, 1364–65 (11th Cir. 2008) (affirming the district court's denial in part of a defendant's request for a "mere presence" instruction to support his defense theory, as it was substantially covered by the pattern instruction requiring a defendant to have "the power and the intention to later take control" over a firearm).

## III.

Upon review, we find that the district court did not abuse its discretion in declining to give Andrews's proposed instruction that a defendant's "mere association" with a person controlling a firearm is insufficient to establish constructive possession under § 922(g)(1).  First, the jury charge that the district

6

court gave—initially proposed by both parties— was a "substantially correct statement of the law." *Dominguez*, 661 F.3d at 1071. Second, the jointly requested instruction was comprised of the Pattern Instruction regarding the definition of possession in its entirety, and encompassed Andrews's proposed instruction regarding "mere association," which the court was not required to include. *See Woodard*, 531 F.3d at 1358, 1364. Andrews's concern was ensuring the jury understood that it could not convict him of possessing the rifle and ammunition merely on the basis of his association with Young. However, the court's given instruction adequately covered the substance of Andrews's proposed instruction because the instruction expressly required that a person have both the power to possess a firearm and the intention to take control over it later. *See Dominguez*, 661 F.3d at 1071. Neither of these requirements would have been satisfied by Andrews's mere presence on the premises or association with its occupants. This conclusion is consistent with our Court's holding that a district court did not abuse its discretion in declining to give a requested "mere presence" instruction because it was substantially covered by the court's pattern instruction including the same power and intention prerequisites. *See Woodard*, 531 F.3d at 1364-65.

Third, given that Andrews, as the lessee's boyfriend, was present at the residence at least every weekend as a houseguest, there is little functional

7

distinction between Andrews's "mere presence" at the residence, included in the court's instructions, and his "mere associations" with its occupants. Therefore, it is clear that the court's failure to give the requested instruction did not "seriously impair[] the defendant's ability to present an effective defense." *Dominguez*, 661 F.3d at 1071.

Finally, there is little basis for concluding, as Andrews contends, that the jury was confused concerning his association with Young based on its question submitted to the court during deliberations. If anything, the jury's question suggests that it was grappling with the issue of whether or not Andrews had intended to later take possession of the revolver, rifle, or ammunition discovered at Young's residence. This was not conceptually related to inferring possession from Andrews's association with Young, nor could it have been clarified by Andrews's proposed instruction.

For the aforementioned reasons, the district court did not abuse its discretion by failing to give Andrews's request jury instruction. Accordingly, we affirm.

**AFFIRMED.**